Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
FARWEST INSURANCE COMPANY,             )                  No. 08-04-00158-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                 County Court at Law No. 3
)
THE STATE OF TEXAS,                                   )                  of Collin County, Texas
)
                                    Appellee.                          )                  (TC# 003-25253-03)

MEMORANDUM OPINION

            Pending before the Court is a joint motion to vacate the trial court’s judgment and dismiss
the appeal. By their motion, the parties have agreed that: (1) the underlying judgment will be
vacated, (2) all taxable costs in the trial court will be assessed against Appellant, (3) the clerk of the
trial court shall deduct all taxable costs from the supersedeas bond posted by Appellant and will
refund the balance of the supersedeas bond, if any, to Appellant, (4) the appeal will be dismissed,
and (5) the mandate will issue within ten days after the appeal is dismissed.
            An intermediate court of appeals is authorized to vacate the trial court’s judgment and
dismiss the underlying case. See Tex.R.App.P. 43.2(e)(in its judgment, the court of appeals may
vacate the trial court’s judgment and dismiss the case). Further, Rule 42.1 of the Texas Rules of
Appellate Procedure permits an appellate court to dispose of an appeal pursuant to an agreement of
the parties. Tex.R.App.P. 42.1(a)(2). The Court may render judgment effectuating the parties’
agreement, set aside (vacate) the trial court’s judgment and remand the case to the trial court for
rendition of judgment in accordance with the agreement, or abate the appeal and permit proceedings
in the trial court to effectuate the agreement. Tex.R.App.P. 42.1(a)(2).
            The parties have clearly agreed that the Court should vacate the trial court’s judgment and,
in our judgment, assess costs in accordance with the parties’ agreement. The parties, however, have
also agreed that the appeal should be dismissed.


 While we are authorized to vacate the trial court’s
judgment and dismiss the underlying case, we are unable to both vacate the trial court’s judgment
and dismiss the appeal. It is not clear whether the parties intended for the Court to dismiss the
underlying case. Therefore, we will enter a judgment in accordance with the agreement of the
parties, except we will not dismiss the appeal. Instead, we will remand the cause to the trial court
for further proceedings, including entry of an order dismissing the underlying case.
            Accordingly, the joint motion to dispose of the appeal in accordance with the agreement of
the parties is granted in part and denied in part. The judgment of the trial court is vacated. All costs
in the trial court are taxed against Appellant. The clerk of the trial court shall deduct all taxable costs
from the supersedeas bond posted by Appellant and shall refund the balance of the supersedeas bond,
if any, to Appellant. Because the parties’ agreement does not address costs on appeal, those costs
are also taxed against Appellant. Tex.R.App.P. 42.1(d)(absent agreement of the parties, the court
will costs against the appellant). The cause is remanded to the trial court for entry of a dismissal
order or other proceedings as are deemed necessary by the parties and the trial court. Our mandate
will issue ten days from the date of this opinion and judgment.

August 5, 2004                                                            
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.